Argued May 8, decided July 20, rehearing denied October 5, 1909.

### PATTON v. WASHINGTON.

[103 Pac. 60.]

INSANE PERSONS—AVOIDANCE OF TRANSFERS OF PERSONAL PROPERTY.

1. A person who, when insane, delivered personal property to another, who knew of the insanity shortly afterwards, may, on being restored to sanity, demand and receive a return of the property.

PLEDGES—EVIDENCE AS TO CHARACTER OF TRANSACTION—BURDEN OF PROOF.

2. One admitting that another is the owner of personal property, but insisting that it is subject to a pledge to him for pre-existing debt, has the burden of proving the debt and pledge.

PLEDGES—TRANSFERS OF PERSONAL PROPERTY—OBLIGATION OF TRANSFEREE.

3. One receiving personal property from an insane person and learning of the insanity must take ordinary care of the property with a view of returning it on the latter being restored to sanity.

APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS.

4. A finding of the trial judge on conflicting testimony will not be disturbed on appeal.

From Umatilla: HENRY J. BEAN, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Mark Patton against James H. Washington in the nature of a cross-bill to an action at law arising out of the following facts: Defendant brought an action in replevin against plaintiff to recover a diamond ring and stud, which he claimed as his property. Thereupon plaintiff brought the present suit to restrain the prosecution of the law action, and alleged: That about October 15, 1901, defendant was the owner of the diamond ring and stud; that at said date he gave and de-

livered the stud to plaintiff; that at the time of such de-
livery defendant was indebted to plaintiff in the sum of
$199.60, and interest thereon, for money loaned and paid
out for defendant, and for goods, wares and merchan-
dise furnished him at his request; that plaintiff did not
accept the diamond stud as a gift, but only as a pledge,
for the purpose of securing the payment of defendant's
indebtedness; that, at about the same date, defendant
gave and delivered to Ralph Wade the diamond ring
before mentioned; that Wade accepted the same as a
gift; that thereafter Wade, being desirous of returning
the ring to defendant, voluntarily delivered it to plain-
tiff, and plaintiff accepted it from Wade as a further
pledge to secure said indebtedness of defendant; that on
or about December 20, 1901, without any fault or negli-
gence on the part of plaintiff, the stud was stolen from
him, and he has been unable to recover it; that, ever
since Wade gave and delivered the diamond ring to him,
he has retained the same, and now retains it as a pledge
for the payment of such indebtedness. The complaint
then gives an itemized statement of defendant's alleged
indebtedness, alleges the pending of the action at law,
and that there is no understanding or contract between
plaintiff and defendant whereby plaintiff is authorized
to sell and dispose of the diamond, so that the proceeds
may be applied on the indebtedness. Plaintiff then prays
for a decree for the sum which he claims to be due from
defendant, with interest, that the ring in his possession
be declared a pledge to secure payment of the same, that
it be sold to satisfy plaintiff's claim and costs, and that
the action at law be enjoined.

Defendant's answer admits his ownership of the dia-
mond, denies that he ever gave the stud to plaintiff, but
alleges that it was delivered to him for the use and bene-
fit of defendant; denies that he ever gave Wade the ring,
but alleges that it was delivered to him for the use and
benefit of defendant; denies that the diamonds are only

worth $320, but alleges that they are worth $520, and denies every other allegation of the complaint. The court below found: That defendant was the owner of the diamonds; that he was indebted to plaintiff in the sum of $41; that the value of the ring was $175, and the stud of the value of $250; that plaintiff at the commencement of the suit was unlawfully detaining the same from defendant; that he had lost the stud; that defendant was entitled to a decree for its value, less the sum of $41, and that the ring be delivered to defendant. A decree was rendered accordingly, from which decree plaintiff appeals.        Affirmed.

For appellant there was a brief and an oral argument by *Mr. Robert J. Slater.*

For respondent there was a brief and an oral argument by *Mr. D. W. Bailey.*

Mr. Justice McBride delivered the opinion of the court.

1. A full discussion of the evidence in this case would be of no interest to any one, except the immediate parties to the case, and of no benefit to them. We are satisfied from the evidence that the defendant was insane when he gave his diamonds to plaintiff and Wade, and that if the plaintiff was not aware of that fact at the time, he knew it a short time afterwards. This being so, defendant had a right, on returning to his reason, to demand and receive a return of his property. Perhaps, if he owed plaintiff the gift might be treated equitably as a pledge, though, as a pledge grows out of either an express or implied contract, it is difficult to see how an insane person could hypothecate anything.

2. Plaintiff, in his complaint, elects to treat defendant as the owner of the property, subject to a pledge to him for a pre-existing debt, and the burden of proof is upon him to show the debt and the pledge. The existence of

54 Or.— 16

the debt, except a small balance for cigars, amounting to $41, rests entirely upon his own testimony, which is flatly contradicted by that of the defendant. His testimony in regard to the diamond delivered to him by Wade is disputed by Wade, who appears to be entirely disinterested in the matter, and, except as to the $41 for cigars, he has failed to show, by the preponderence of evidence, that defendant owed him anything.

3. The evidence shows that he took the stud home and gave it to his wife, and that it was so negligently kept that it was lost or stolen while in her possession. When he learned that the jewels were the property of an insane man, it was his duty to take ordinary care of them, with a view of returning the same when defendant's reason was restored, rendering it practicable for him to do so. This the court below must have found that he failed to do, and we think properly.

4. The court below had all the witnesses before it, except Wade, and was much better qualified to judge the value of their testimony than we are, and, in a case like this, where the evidence is contradictory, we feel unwilling to disturb its findings. We do not question the propositions of law laid down by counsel for plaintiff; but upon the pleadings and the facts we think the decree of the lower court was correct.

The decree is affirmed.                    AFFIRMED.